# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TERRY BLACKMORE, JASON KLINGENBERG, and WAYNE RUPE, <br><br> Plaintiffs, <br><br> vs. <br><br> SMITTY'S SUPPLY, INC.; TRACTOR SUPPLY COMPANY; and CAM2 INTERNATIONAL, LLC; <br><br> Defendants. | No. 19-CV-4052-CJW-KEM <br><br> **MEMORANDUM OPINION AND ORDER** |

_____

This putative class action involves claims that Defendants deceptively marketed and labeled their product, hydraulic fluid for tractors, to consumers in Iowa. Defendants are subject to similar lawsuits in federal court in six other states—Kansas, Kentucky, Arkansas, Texas, Minnesota, and California. The putative class in each case consists of consumers in the forum state, and the claims in each case are governed by the law of the forum state (e.g., the Texas action alleges Defendants deceptively marketed their products to Texas consumers, in violation of Texas law). The same attorneys as in this case represent plaintiffs and defendants in the other cases. In addition, the same attorneys were involved in a Missouri putative class action involving similar claims that has already settled.

On February 12, 2020, Defendants Smitty's Supply Inc. and Cam2 International LLC filed a motion with the Judicial Panel on Multidistrict Litigation (JPML or MDL Panel) seeking to consolidate and transfer all pending federal cases to the Eastern District of Louisiana, as well as any similar actions that may be filed in federal court in the future. *See* MDL No. 2936. Plaintiffs resist transfer. The MDL Panel has not yet ruled on the motion.

In their current motion, Defendants seek to stay proceedings in this court pending a ruling by the MDL Panel on the consolidation motion. Doc. 38. Plaintiffs filed a resistance (Doc. 44), Defendants filed a reply (Doc. 45), and plaintiffs filed a sup-reply (Doc. 48). I **deny** the motion to stay (Doc. 38).

## I. DISCUSSION

Under JPML Rule of Procedure 2.1(d), the filing of a motion to transfer with the MDL Panel does not deprive the original court of jurisdiction while the motion is pending. "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." ***Rivers v. Walt Disney Co.***, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Instead, the granting of a motion to stay pending a ruling on the transfer motion is a matter of the district court's discretion. ***Id.*** The parties agree that when considering a motion to stay, the court considers three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." ***Id.***; *see also* Docs. 39, 44.

Plaintiffs argue that they would be prejudiced by a stay. The MDL Panel is not set to hear the transfer motion in this case at its upcoming argument session on March 26, 2020, and the next scheduled argument session is not until May 28, 2020. Plaintiffs argue that they would be prejudiced by a stay as the case would be delayed. The current upcoming deadlines are as follows:

- Class-certification expert-witness disclosure
    - Plaintiffs' expert.................................March 20, 2020
    - Defendants' expert.............................May 1, 2020
    - Plaintiffs' rebuttal expert......................May 29, 2020
- Motions to exclude testimony of class-certification experts
    - Defendants' motion............................April 20, 2020

2

>       o   Plaintiffs' motion................................May 22, 2020
>   - Completion of class-certification discovery........June 10, 2020
>   - Class-certification briefing
>       o   Plaintiffs' brief...................................June 10, 2020
>       o   Defendants' brief................................July 27, 2020
>       o   Plaintiffs' reply brief............................August 27, 2020

Doc. 26. A stay would delay the parties' class-certification expert discovery and ultimately, the parties' briefing on class certification.

Plaintiffs argue that this delay would be especially prejudicial as the MDL Panel is unlikely to grant transfer. In support, Plaintiffs cite two recent MDL Panel cases denying motions to transfer: *In re CP4 Fuel Pump Marketing, Sales Practices, & Products Liability Litigation*, 412 F. Supp. 3d 1365 (J.P.M.L. 2019), and *In re StockX Customer Data Security Breach Litigation*, 412 F. Supp. 3d 1363 (J.P.M.L. 2019). In *In re CP4 Fuel*, the MDL Panel denied consolidation of ten putative class actions against three different car-manufacturer defendants that alleged the cars contained a defective fuel pump by the same supplier; five cases were brought against one defendant, four against a second defendant, and one against a third defendant. 412 F. Supp. 3d at 1366. The MDL Panel reasoned that although there were some common factual issues, there were numerous issues distinct to each defendant—e.g., each defendant's design and testing process, knowledge of the defect, and marketing to consumers. *Id.* at 1366-67. The MDL Panel also noted that the various plaintiffs' allegations indicated the defect did not manifest the same way from vehicle to vehicle, suggesting there would also be plaintiff-specific issues. *Id.* at 1367. The MDL Panel further noted that because the three defendants were all competitors, consolidating the actions might complicate case management due to the need to protect trade secrets and confidential information. *Id.* The MDL Panel denied the alternative request to create three multidistrict litigations (MDLs), one for each defendant, given the small number of actions (five, four, and one) and "the presence of the same plaintiffs' counsel in almost all the actions," which "suggest[ed] that cooperation and informal coordination by the involved courts and

3

counsel are practicable, and should be effective in minimizing or eliminating duplicative pretrial proceedings." *Id.* Here, although plaintiffs are represented by the same counsel in all actions (as in *In re CP4 Fuel*), there are a slightly greater number of actions involving the same defendant (seven) than in *In re CP4 Fuel*, and the complaints here contain the same damages allegations (that plaintiffs overpaid for the product, exposed their equipment to harm by using the product, and did not protect their equipment from increased wear and damage).

In *In re StockX*, the MDL Panel held that centralization was not necessary when the parties sought to consolidate only three putative class actions and two potential tag-along cases (five total) involving a data breach. 412 F. Supp. 3d at 1364 & n.1. The MDL Panel noted that the number of cases was not growing, as "the last of the five related cases was filed nearly three months ago." *Id.* at 1364. The MDL Panel held "[i]n these circumstances, cooperation among the few involved courts and counsel is a workable alternative to centralization." *Id.* at 1364-65. Again, here, there are slightly more actions at issue—seven.

I further note that although *In re CP4 Fuel* and *In re StockX* may suggest transfer will not be granted in this case, they do not address the propriety of a stay pending a ruling by the MDL Panel. In the underlying *In re StockX* cases, unresisted stays were granted pending the MDL Panel's ruling on the motion to transfer;[1] and in the underlying *In re CP4 Fuel* cases, four courts granted stays pending the MDL Panel's ruling (one by consent,[2] one over a resistance,[3] and two without waiting for a response opposing or

---

[1] *Casey v. StockX, LLC*, No. 19-CV-23285-UU, Doc. 9 (S.D. Fla. Aug. 8, 2019); *I.C. ex rel. Chaudhri v. StockX, LLC*, No. 19-CV-12441-VAR-EAS, Doc. 9 (E.D. Mich. Sept. 17, 2019); *McBride v. StockX, LLC*, No. 19-CV-3685-PBT, Doc. 6 (E.D. Pa. Sept. 24, 2019).

[2] *Dawson v. Gen. Motors LLC*, No. 19-CV-08680-AET-LHG, Doc. 31 (D.N.J. Oct. 15, 2019).

[3] *Moonan v. Gen. Motors LLC*, No. 18-CV-7054-JST, Doc. 66 (N.D. Cal. Sept. 26, 2019).

consenting to the stay[4]); and three courts denied requests for stays.[5]

Defendants respond by pointing to cases that they argue demonstrate the MDL Panel is likely to grant transfer. *See In re Juul Labs, Inc., Mktg., Sales Practices, & Prods. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367 (J.P.M.L. 2019) (granting consolidation of ten actions, some of which were putative class actions and some of which were individual personal-injury cases, when claims involved deceptive marketing of and defects in nicotine products, forty potential tag-along cases existed, and all parties agreed on consolidation (disputing only whether the personal-injury actions should be a separate MDL)); *In re Hill's Pet Nutrition, Inc., Dog Food Prods. Liab. Litig.*, 382 F. Supp. 3d 1350, 1350-51 (J.P.M.L. 2019) (granting consolidation of six putative class actions involving claims of defective pet food when all parties agreed to transfer and twenty-three potential tag-along cases existed); *In re Allura Fiber Cement Siding Prods. Liab. Litig.*, 366 F. Supp. 3d 1365, 1365-66 (J.P.M.L. 2019) (granting consolidation of seven putative class actions pending in seven districts that involved defects in cement siding after noting two potential tag-along actions existed and informal coordination of discovery would not be practicable given the number of plaintiffs' counsel and districts involved (eight)); *In re Wayne Farms LLC FLSA Litig.*, 528 F. Supp. 2d 1355, 1356 (J.P.M.L. 2017) (granting consolidation of twelve putative class actions involving claims under the Fair Labor Standards Act); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F. Supp. 1407, 1407-08 (J.P.M.L. 1995) (granting consolidation of ten putative class actions

---

[4] *Farlow v. Ford Motor Co.*, No. 18-CV-6967-JD, Doc. 64 (N.D. Cal. Sept. 5, 2019) (stay also granted based on pending motion to transfer cases involving same defendant to another district if MDL Panel denied motion for consolidation); *Ginebra v. Gen. Motors LLC*, No. 18-CV-25209-FAM, Doc. 42 (S.D. Fla. Aug. 30, 2019).

[5] *Nunez v. Ford Motor Co.*, No. 18-CV-25211-UU, Doc. 18 (S.D. Fla. Jan. 16, 2019); *Click v. Gen. Motors LLC*, No. 18-CV-455, Doc. 63 (S.D. Tex. Aug. 26, 2019) (granting that part of motion that was unresisted and staying ruling on motions, but denying that portion of motion seeking to stay discovery); *Stevens v. Ford Motor Co.*, No. 18-CV-456 (S.D. Tex. Sept. 6, 2019).

pending in seven different districts when no parties objected to consolidation; claims involved defect in hair straightening device); *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1553-54 (J.P.M.L. 1994) (granting consolidation of 173 personal-injury actions involving a defective implant); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 487, 493 (J.P.M.L. 1968) (rejecting defendant's argument that MDL Panel lacked statutory authority to consolidate putative class actions and consolidating case into already-existing MDL, reasoning that the federal rules do not limit the definition of a class and that without the power to consolidate putative class actions in an MDL, courts could potentially "make conflicting class action determinations" in cases with overlapping class claims).

None of the parties' cited cases are directly on point. Here, there are seven actions and no potential tag-along actions—which is a lesser number of cases than any authority relied upon by Defendants, but a greater number of cases than any authority relied upon by Plaintiffs. In addition, unlike the cases cited by Defendants, Plaintiffs here are represented by the same counsel in all cases, suggesting that discovery can be coordinated across cases even without an MDL. On the other hand (as will be discussed further below), the cases are pending in seven districts, so there is a risk of inconsistent rulings. Ultimately, it is unclear whether the MDL Panel will grant transfer in this case—but I agree with Plaintiffs that denial of the motion seems more likely than not.

Defendants argue that they may be subjected to unnecessary duplicative discovery if a stay is not granted. Plaintiffs argue that there is no risk of duplicative discovery because the parties are represented by the same counsel in all cases and have entered into coordinated discovery agreements. Defendants respond that the parties only agreed that discovery produced as part of initial disclosures and depositions taken in the Missouri and Kansas actions can be used in this action. Docs. 21-1, 26. Defendants contend Plaintiffs wish "to take the depositions of individuals multiple times because of the pendency of cases in multiple jurisdictions," and Plaintiffs have advised Defendants that

6

despite taking certain individuals' depositions twice already (in the Kansas and Missouri actions), "they [still] anticipate taking the same individuals' depositions in other pending jurisdictions." Doc. 45 at 4. Plaintiffs respond that Defendants agreed to the second depositions and that such depositions were only necessary because Defendants produced additional documents on which the witnesses needed to be examined. Doc. 48. Plaintiffs represent that during the duplicative depositions, no questions were asked on issues that had already been covered by previous depositions. *Id*. Plaintiffs also note that the only new paper discovery being conducted is on issues unique to each case (and although Defendants produced additional documents in the Kansas action that had not been produced in the Missouri action, Plaintiffs contend that was not due to a new request by Plaintiffs, but rather, a failure on Defendants part to produce the documents in the Missouri action as they should have). *Id*. Thus, because the parties are represented by the same counsel in all the cases, it appears the risk of duplicative discovery is minimal.

There are not any motions currently pending in this action to create a risk of inconsistent rulings if a stay is not granted. Although discovery issues could arise (and require resolution across cases), I agree with Plaintiffs that it appears unlikely given the limited discovery being conducted in each case (a motion for class certification is already pending in the Kansas action, suggesting the parties have completed much of the necessary discovery already). I recognize, however, that judicial-economy concerns weigh in favor of one court, rather than seven, deciding the class-certification motions—although the claims in each case involve different states' laws and consumers, much of the evidence and legal analysis in support of class certification will overlap amongst the cases. But the MDL Panel is likely to decide the consolidation motion prior to the class-certification issue being ripe in this court, and thus a stay would not serve to avoid the potential for inconsistent or duplicative class-certification rulings (although that potential may make consolidation more likely). Ultimately, I find that the factors here weigh in favor of denying a stay pending the MDL Panel's ruling.

7

All the cases cited by Defendants are distinguishable, as none involve actions where the parties are represented by the same counsel on both sides in every case, making coordinated discovery feasible without formal consolidation in an MDL, as here.[6] In addition, in many of the cases relied upon by Defendants, the MDL Panel had already created an MDL, and a party merely sought transfer of a tag-along case, increasing the likelihood of transfer.[7] Some of Defendants' cases are also distinguishable because

---

[6] *See, e.g., Cajun Offshore Charters, LLC v. BP, PLC*, No. CIV. A. 10-1341, 2010 WL 2160292, at *1-2 & n.1 (E.D. La. May 25, 2010) (staying action involving claims based on the Deepwater Horizon oil spill when "at least 70 cases ha[d] been filed in various state and federal courts," fifty-nine of which were putative class actions, and MDL Panel would hear argument on transfer motion in two months; noting "delay of a few months" was "slight when compared to the hardship to the defendants and the interests of judicial economy"); *Rivers*, 980 F. Supp. at 1359-61 (citing judicial-economy concerns and staying race-discrimination putative class action involving black employees pending MDL Panel's ruling on motion to transfer when four other employment-discrimination putative class actions were filed against defendants in a different district, one of which involved Latino employees, and no discovery had yet been exchanged by the parties); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. CIV. A. 90-4378, 1991 WL 13725, at *1-2 (D.N.J. Feb. 1, 1991) (cited by *Rivers*) (granting stay pending MDL Panel's ruling on motion to consolidate ten actions pending in three districts, citing duplicative-discovery concerns and rejecting plaintiff's argument that there was a "good chance" the parties would coordinate pretrial discovery).

[7] *See City of Henderson v. Purdue Pharma L.P.*, No. 3:19-cv-00067-GFVT, 2020 WL 428112, at *1, *4 (E.D. Ky. Jan. 27, 2020) (staying action raising claims that defendants misrepresented the safety and addictive properties of prescription opioids when an MDL already existed with hundreds of similar cases and with similar motions to remand to state court pending); *Harboyan v. Johnson & Johnson Co.*, No. CV-17-5235 (AFMx), 2017 WL 3635173, at *2 (C.D. Cal. Aug. 23, 2017) (staying action pending MDL Panel ruling on transfer when an MDL already existed and other cases subject to the MDL raised the same jurisdictional issues raised by plaintiff in the pending motion to remand); *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1-2 (E.D. Mo. Oct. 14, 2015) (staying action involving birth defects caused by mother's use of a certain medication during pregnancy when an MDL already existed containing similar claims and refusing to decide pending motion to remand to state court first); *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *2-4 & n.6, n.13 (E.D. Va. Jan. 14, 2015) (granting forty-five day stay when an MDL already existed with similar claims that had been settled, MDL Panel had denied conditional transfer, and transfer motion would be submitted for final decision to MDL Panel in less than two weeks' time; court noted judicial economy favored a stay, since the judge who handled the MDL was in the best position to determine whether the MDL settlement governed

8

motions were pending involving issues common to all the cases, making the judicial-economy concerns of granting a stay much stronger than here.[8] The length of the stay

---

plaintiff's claims); *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *1-2 (D. Nev. Aug. 14, 2012) (staying action involving defective hip implants when an MDL already existed containing similar claims with similar motions pending to remand to state court, and MDL Panel's hearing on transfer was scheduled for a little over a month's time); *Asmann v. Dairy Farmers of Am., Inc.*, No. CIV. A. 12-1060-KHV/DJW, 2012 WL 1136865, at *1 (D. Kan. Apr. 4, 2012) (granting defendant's motion to stay action involving price fixing when an MDL already existed containing similar claims); *Davis v. DePuy Orthopaedics, Inc.*, No. CIV. 11-5139 (JBS/KMW), 2011 WL 5237563, at *1-2 (D.N.J. Nov. 2, 2011) (staying action involving injury caused by defective hip implant when an MDL already existed containing similar claims, noting that motions to remand similar to plaintiff's had already been decided in the MDL and that any prejudice of stay was minimal as MDL Panel would hear argument on motion to transfer in less than a month's time); *United States v. Transocean Deepwater Drilling Inc.*, No. CIV. A. H-11-3638, 2011 WL 5926768, at *1 (S.D. Tex. Nov. 28, 2011) (staying action by government to enforce compliance with an administrative subpoena related to the Deepwater Horizon oil spill when an MDL already existed for the oil spill and noting that defendants would be prejudiced by having to litigate subpoena compliance and to respond to written discovery and document production duplicative of discovery in the MDL); *Esquivel*, 2010 WL 4255911, at *4 (staying action involving claims based on the Deepwater Horizon oil spill when an MDL already existed for the oil spill, and motions to remand to state court similar to the one plaintiff had filed were pending in the MDL); *Dowler v. Medicine Shoppe*, No. 2:07 cv 848, 2007 WL 2907519, at *1-2 (S.D. Ohio Oct. 3, 2007) (staying action involving defective medication when an MDL already existed with fifty-eight similar cases); *Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902, 905-06 (N.D. Ill. 2002) (staying two cases involving purchase of securities when MDL Panel had already created MDL, defendants sought to transfer these two cases and three others to MDL as tag-along actions, and a similar motion to remand to state court was pending in at least one of the other cases pending transfer; the court noted that judicial economy would be served by having one court decide the complex jurisdictional issues raised in the remand motion and that neither side would be overwhelmingly prejudiced by a two- to four-month delay); *cf. Thomas v. Ameriquest Mortg. Co.*, No. CIV. A. 07-0652-WS-C, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) (granting stay pending transfer when both parties consented to transfer and declining to rule on pending motion to dismiss after noting that the issues raised in the motion to dismiss would likely be raised by other cases in the MDL).

[8] *City of Henderson*, 2020 WL 428112, at *1, *4; *Harboyan*, 2017 WL 3635173, at *2; *Segovia v. Bristol-Myers Squibb Co.*, No. CV. 15-00519 DKW-RLP, 2016 WL 7007482, at *1-3 & n.2 (D. Haw. Nov. 30, 2016) (staying action involving defective medication when thirty-one of the thirty-four similar actions had already been stayed, the pending motion to dismiss raised issues that would likely be raised in many of the other actions, and MDL Panel had scheduled argument

9

was also likely to be shorter in several of the cases cited by Defendants (lessening the prejudice to the plaintiffs), as the transfer motion would be submitted to the MDL Panel in about a month's time, unlike here, where the earliest the transfer motion will be ripe for decision is two months' time.[9] And in two of the cases cited by Defendants, the defendants argued or the courts noted an alternative basis (other than the pending motion to transfer before the MDL Panel) to stay the case.[10]

None of the cases cited by either party are directly on point here.[11] After analyzing

---

for two months' time); *Pate*, 2012 WL 3532780, at *1-2; *Davis*, 2011 WL 5237563, at *1-2; *Esquivel*, 2010 WL 4255911, at *4; *Bd. of Trs. of Teachers' Ret.*, 244 F. Supp. 2d at 902, 905-06; *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, No. Civ. A. 92-1030, 1992 WL 102762, at *1-2 (E.D. Pa. May 7, 1992) (cited by *Rivers*) (staying all discovery and motion practice except discovery on "class certification and JPML issues" when parties agreed that the two civil antitrust cases in this district and four civil antitrust cases in another district should be consolidated in an MDL, but disputed the forum; the court noted that six motions were pending involving "substantive legal issues or the important procedural questions of class action certification").

[9] *See Virginia ex rel. Integra Rec*, 2015 WL 222312, at *5; ***Struthers v. Ocwen Loan Servicing, LLC***, No. 4:13-cv-00189-SMR-CFB, 2013 WL 12308089, at *1-3 (S.D. Iowa Nov. 12, 2013) (staying action raising claims under the Fair Debt Collections Practice Act when defendant's motion to consolidate with four other cases raising claims based on the same letter was pending before the MDL Panel, three of the other actions had been stayed pending transfer, argument on the transfer motion was scheduled for less than a month's time, and defendant agreed the action should be stayed but wanted the action stayed under the first-filed rule instead); *Pate*, 2012 WL 3532780 at *2; *Davis*, 2011 WL 5237563, at *1-2; ***Portnoy v. Zenith Labs.***, No. Civ. A. 86-3512, 1987 WL 10236, at *1 (D.D.C. Apr. 21, 1987) (cited by *Rivers*) (granting stay when the parties had agreed not to conduct discovery, so the delay would not affect their ability to prepare the case; and the MDL Panel's hearing was set for one month's time, so any delay would be minimal).

[10] *Struthers*, 2013 WL 12308089, at *2-3; ***Emerson v. Lincoln Elec. Holdings, Inc.***, No. 09-6004-CV-SJ-GAF, 2009 WL 690181, at *1-2 (W.D. Mo. Mar. 12, 2009) (granting motion to stay pending MDL Panel's ruling on transfer and noting that even if MDL Panel denied transfer, the stay would remain in effect until the court ruled on the pending motion to dismiss for lack of jurisdiction).

[11] Defendants also cite two cases in which courts analyzed stays pending reexamination of a patent by the United States Patent and Trademark Office. *See **Southwire Co. v. Cerro Ware, Inc.***, 750 F. Supp. 2d 775, 780 (E.D. Tex. 2010) (granting stay); ***Soverain Software LLC v. Amazon.com, Inc.***, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005) (denying stay).

the factors, I find that a stay is not warranted. In addition, I note that a court in one of the related cases (the District of Kansas) has also denied Defendants' request for a stay pending the MDL Panel's ruling. *See* Doc. 48-1.

## II. CONCLUSION

Accordingly, Defendants' motion to stay (Doc. 38) is **denied**.

**IT IS SO ORDERED** this 31st day of March, 2020.

*[signature]*
Kelly K.E. Mahoney
United States Chief Magistrate Judge
Northern District of Iowa