IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2936 <br><br> Master Case No. 4:20-MD-02936-SRB |
| This document relates to: <br> All Class Actions | |

## **PRELIMINARY APPROVAL ORDER**

Upon review and consideration of the Motion for Preliminary Approval of the Class Action Settlement Agreement and Release with accompanying exhibits (collectively referred to as "Manufacturer Settlement Agreement" or "Settlement"), all of which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Manufacturer Settlement Agreement, as well as the files, records, and proceedings to date in the above-captioned Action. The definitions in the Manufacturer Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Manufacturer Settlement Agreement.

2. Plaintiffs and Manufacturer Defendants have agreed to settle the Action upon the terms and conditions set forth in the Manufacturer Settlement Agreement. The Manufacturer Settlement Agreement, including all exhibits thereto, is preliminarily approved as sufficiently fair, reasonable, and adequate to allow dissemination of notice of the Manufacturer Settlement Agreement to the Manufacturer Settlement Class. This determination is not a finding that the Manufacturer Settlement Agreement is fair, reasonable, and adequate, but simply a determination

that there is probable cause to proceed with notice to the Manufacturer Settlement Class and hold a hearing as to the Settlement's fairness.

3. Appointed as Class Representatives are the Persons identified in Appendix A to the Manufacturer Settlement Agreement. The Class Representatives, by and through their counsel, have investigated the facts and law relating to the matters alleged in the Plaintiffs' Corrected Fifth Amended Consolidated Complaint, including extensive legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, class certification, trial, and potential appeal.

4. The Settlement was reached as a result of extensive arm-length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Manufacturer Defendants, on the other hand, including, but not limited to, several mediation efforts, most recently concluded by Mediator John Perry, Jr.

5. The Settlement confers substantial benefits upon the Manufacturer Settlement Class, and is in addition to the earlier Retailer Class Settlement which involved many of the same class members, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, further class certifications, trials, and potential appeals.

6. The Court conditionally certifies, for settlement purposes only, the following settlement class:

    a. all persons and other entities who purchased Super S Super Trac 303 Tractor Hydraulic Fluid, Super S 303 Tractor Hydraulic Fluid, CAM2 Promax 303 Tractor Hydraulic Oil, and/or CAM2 303 Tractor Hydraulic Oil in the United States and its territories, other than Missouri, at any point in time from December 1, 2013 to present, excluding any persons and/or entities who purchased for resale; and,

    b.       all persons and other entities who purchased Super S 303 Tractor Hydraulic Fluid, CAM2 ProMax 303 Tractor Hydraulic Oil, and/or CAM2 303 Tractor Hydraulic Oil in Missouri at any point in time from December 1, 2013 to present, excluding any persons and/or entities who purchased for resale.

The Settlement Class also excludes Manufacturer Defendants, including their immediate family members, as well as the MDL judicial officers assigned to this litigation and their immediate family and staff members.

    7.       The Court conditionally finds, for settlement purposes only and conditioned upon entry of the Final Approval Order and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Manufacturer Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Manufacturer Settlement Class for purposes of settlement; (c) the claims of the Plaintiffs are typical of the claims of the Manufacturer Settlement Class for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Manufacturer Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Manufacturer Settlement Class Members predominate over any questions affecting any individual Manufacturer Settlement Class Members; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because Plaintiffs and Manufacturer Defendants are settling and not litigating, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

In making these findings, the Court has exercised its discretion in conditionally certifying, for settlement purposes only, the Manufacturer Settlement Class on a nationwide basis.

8. The Court appoints Tom Bender and Dirk Hubbard from the law firm Horn Aylward & Bandy, LLC in Kansas City, Missouri; Bryan White, Gene Graham, and Bill Carr from the law firm White, Graham, Buckley & Carr, L.L.C. in Independence, Missouri; Clayton Jones of the Clayton Jones Law Firm in Raymore, Missouri; Don Downing and Gretchen Garrison of Gray Ritter Graham in St. Louis, Missouri; Patricia Campbell of Krause & Kinsman in Kansas City, Missouri; Athena Dickson of the Siro Smith Dickson Law Firm in Kansas City, Missouri; Jon Robinson and Zachary Anderson from the law firm Bolen Robinson & Ellis, LLP in Decatur, Illinois; Mark Bryant from the law firm Bryant Law Center, P.S.C. in Paducah, Kentucky; John Emerson of the Emerson Firm, PLLC in Little Rock, Arkansas; Christopher Jennings of Jennings PLLC in Little Rock, Arkansas; Stephen Basser and Sam Ward from the law firm Barrack, Rodos & Bacine in San Diego, California; Paul Lundberg of the Lundberg Law Firm, P.L.C. in Sioux City, Iowa; James Malters of the law firm Malters, Shepherd & Von Holtum in Worthington, Minnesota; and Travis Griffith from the law firm Griffith Law Center, PLLC in Charleston, West Virginia as counsel for the Manufacturer Settlement Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

9. The Court preliminarily approves the Plan of Allocation and the timing of distributions as set forth in the Manufacturer Settlement Agreement and Exhibits, subject to further Order of the Court.

10. The Final Fairness Hearing shall be held before this Court on March 26, 2025, 10:00 a.m., to determine whether the Manufacturer Settlement Agreement is fair, reasonable,

and adequate and should receive final approval. At that time, the Court will also rule on Class Counsel's application for an award of attorneys' fees and expenses (the "Fee Application"), payments of incentive awards to Class Representatives and make any further Orders regarding the Plan of Allocation and timing of distribution to Manufacturer Settlement Class Members. Papers in support of final approval of the Manufacturer Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth below. The Final Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Manufacturer Settlement Class. After the Final Fairness Hearing, the Court may enter a Final Approval Order in accordance with the Manufacturer Settlement Agreement that will adjudicate the rights of the Manufacturer Settlement Class Members with respect to the claims being settled.

11. The Court approves, as to form and content, the Long Form Manufacturer Settlement Notice, Summary Class Notice, and Mailed Class Notice, attached as Exhibits D, E, and F, respectively, to the Manufacturer Settlement Agreement. The Court approves the Manufacturer Settlement Claim Form attached as Exhibit C to the Manufacturer Settlement Agreement. The Court approves the Repair/Parts/Specific Equipment Damage Claims Review Process attached as Exhibit G to the Manufacturer Settlement Agreement. The Court approves the Settlement Administration and Notice Plan attached as Exhibit H to the Manufacturer Settlement Agreement.

12. The Court finds that the Long Form Notice, Summary Class Notice, and Mailed Class Notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Long Form Notice, Summary Class Notice, and Mailed Class Notice described in the

Settlement Administration and Notice Plan and herein complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Manufacturer Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the Long Form Notice, Summary Class Notice, and Mailed Class Notice described in the Settlement Administration and Notice Plan and herein complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Manufacturer Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Manufacturer Settlement Class of the pendency of the Action, the terms of the Manufacturer Settlement Agreement, and their right to object to the Settlement or exclude themselves from the Manufacturer Settlement Class.

13. Manufacturer Settlement Class Members for whom contact information is available will receive a Mailed Class Notice by mail and, where possible, by email. All Manufacturer Settlement Class Members will have 120 days after the Notice Date to submit their Class Membership Forms and Claim Forms, which is due, adequate, and sufficient time. Anyone who submitted a claim in the Retailer Class Settlement will not be required to re-submit their claim.

14. The Court Orders that notice shall be provided to the Manufacturer Settlement Class in compliance with the following procedure:

(a) Within thirty (30) days after entry of this Order, the Settlement Administrator shall mail by bulk mailing Mailed Class Notices in substantially the form attached to the Settlement Agreement as Exhibit F to the last known mailing address of each identified Person who falls or may fall within the Manufacturer Settlement Class definition. For any initial direct mail notice that is returned as undeliverable within twenty-one (21) days after

mailing, the Settlement Administrator shall attempt to locate a new address through an address search or any other reasonably available means. If a new address is located, the Settlement Administrator shall promptly re-mail the initial notice. If, after a second mailing, the notice is again returned, no further efforts need be taken by the Settlement Administrator to send the direct mail notice.

(b) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall (i) secure and maintain a Post Office Box or similar mailing address for the receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement; and (ii) establish a unique, case-specific email address for online receipt of Claim Forms, opt-out notices, and any other correspondence related to the Settlement.

(c) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Settlement Administrator shall create and maintain an operating website that: (i) contains downloadable copies of the Preliminary Approval Order, Long Form Notice, the Manufacturer Settlement Agreement, Claim Form, and, when filed, Class Counsels' application for attorneys' fees, costs and for incentive awards for the Plaintiffs; (ii) will post any subsequent notices agreed upon by the Parties and approved by the Court; and (iii) allows Manufacturer Settlement Class Members to submit Claim Forms and supporting documentation. This website shall be referred to as the "Settlement Website".

(d) Within thirty (30) days after entry of this Order, but no later than the Notice Date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until sixty (60) calendar days after the Bar Date. For a period of ninety (90) calendar days

thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the deadline for submitting claims has passed and the details regarding the Settlement may be reviewed on the Settlement Website.

(e) Within thirty (30) days after entry of this Order, the publication and other dissemination of notice shall proceed as set forth in the Settlement Administration and Notice Plan, subject to reasonable modification, as necessary, by agreement of the Parties and with the approval of the Settlement Administrator. The date on which the Settlement Administrator first publishes and/or mails notice, whichever is earlier, shall be considered the "Notice Date."

(f) The Settlement Administrator shall mail a Claim Form and/or Long Form Notice to each Person who makes such request.

(g) Claim Forms shall also be available through the Settlement Website.

15. Each Person who falls within the Manufacturer Settlement Class definition who wishes to be excluded from the Manufacturer Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.

(a) Persons who fall within the Manufacturer Settlement Class definition wishing to opt out of the Manufacturer Settlement Class must send to the Settlement Administrator on or before the Bar Date by fax, United States Mail, email, or electronically via the Settlement Website a written request to be excluded from the Manufacturer Settlement Class. The request to be excluded from the Manufacturer Settlement Class must include the Person's name, address, and telephone number and provide a clear statement communicating that he, she, or it elects to be excluded from the Manufacturer Settlement Class, does not wish to be a Manufacturer Settlement Class Member, and

elects to be excluded from any judgment entered pursuant to the Manufacturer Settlement Agreement.

(b) Any request for exclusion or opt out sent to the Settlement Administrator by United States mail must be postmarked on or before the Bar Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a request for exclusion sent by United States mail has been timely submitted.

(c) Any Person who falls within the Manufacturer Settlement Class definition and who fails to submit a valid and timely request for exclusion on or before the Bar Date shall be bound by all terms of the Manufacturer Settlement Agreement and the Final Approval Order, regardless of whether the Person requested exclusion from the Manufacturer Settlement Class. All Persons who properly elect to opt out of the Manufacturer Settlement Class shall not be Manufacturer Settlement Class Members and shall relinquish their rights to benefits with respect to the Manufacturer Settlement Agreement, should it be approved.

16. Any Person who falls within the Manufacturer Settlement Class definition who has not timely submitted a written request for exclusion from the Manufacturer Settlement Class, and thus is a Manufacturer Settlement Class Member, may ask the Court to deny approval by filing an objection. Manufacturer Settlement Class Members cannot ask the Court to order a larger settlement; the Court can only approve or deny the proposed Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue as to Manufacturer Defendants. If any Manufacturer Settlement Class Member wants that to happen, he, she or it must object in accordance with the following procedure:

(a) Any Manufacturer Settlement Class Member who intends to object to the fairness,

reasonableness, or adequacy of the Manufacturer Settlement Agreement must, no later than the Bar Date: (i) file a written objection with the Court either by mailing it to Office of the Clerk of Court, United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, or by filing it in person at any location of the United States District Court for the Western District of Missouri, or by electronic filing; and (ii) serve a copy of the same on counsel for the Parties at the addresses set forth in the Manufacturer Settlement Agreement.

(b) In the written objection, the Manufacturer Settlement Class Member must provide the information required on the Class Membership Form, state the Person's full name, current address, telephone number, the reasons for the objection, whether he, she, or it intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel, and a list of all cases in which the objector or objector's counsel has objected to a class-action settlement in the last five (5) years. Any documents supporting the objection must also be attached to the written objection, and if the objecting member of the Manufacturer Settlement Class intends to call witnesses at the Final Fairness Hearing, any such witness must be identified in the written objection, including by providing each such witness's name, address, and telephone number. Objections must be signed personally by the Manufacturer Settlement Class Member. Any Manufacturer Settlement Class Member who fails to file and serve timely written objections in the manner specified herein, shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Manufacturer Settlement Agreement.

(c) Any Manufacturer Settlement Class Member who has timely filed a written objection,

as provided for herein, may appear at the Final Fairness Hearing, either in person or through an attorney hired at the Manufacturer Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Manufacturer Settlement Agreement. A Manufacturer Settlement Class Member, or his, her, or its attorney, intending to make an appearance at the Final Fairness Hearing must: (i) file a notice of appearance with the Court no later than ten (10) business days prior to the Final Fairness Hearing, or as the Court may otherwise direct; and (ii) serve a copy of such notice of appearance on counsel for all Parties.

17. In the event 2,500 or more Persons who fall or may fall within the Manufacturer Settlement Class definition opt out of the Manufacturer Settlement Class, Manufacturer Defendants shall retain the right to rescind and revoke the entire Manufacturer Settlement Agreement, thereby rendering the Manufacturer Settlement Agreement null and void in its entirety, so long as Manufacturer Defendants comply with the opt-out termination notification provision set forth in the Manufacturer Settlement Agreement.

18. Class Counsel shall file their Fee Application no later than ten (10) business days before the Bar Date.

19. Papers in support of final approval of the Manufacturer Settlement Agreement, and in response to any objections to the Manufacturer Settlement Agreement or Class Counsel's Fee Application, shall be filed with the Court no later than ten (10) business days in advance of the date of the Final Fairness Hearing.

20. The Bar Date shall be one hundred twenty (120) calendar days after the Notice Date. The Bar Date may be extended by written agreement of the parties through Class Counsel and Manufacturer Defendants' Counsel without further approval of the Court or notice to the

Manufacturer Settlement Class, provided that the Settlement Website administered by the Settlement Administrator shall be promptly updated to reflect any extension of the Bar Date.

21. These dates of performance may be extended by order of the Court, for good cause shown, and without further notice to the Manufacturer Settlement Class. Settlement Class Members may check the Settlement Website regularly for updates and further details regarding extensions of these dates of performance. Manufacturer Settlement Class Members may also access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://www.mow.uscourts.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Missouri, 400 E. 9th Street, Kansas City, Missouri, 64106, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

22. If for any reason a Final Approval Order as contemplated in the Manufacturer Settlement Agreement is not entered, or the Effective Date does not occur for any reason, the following shall apply:

(a) All orders and findings entered in connection with the Manufacturer Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Manufacturer Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Manufacturer Settlement Class had never been certified pursuant to the Manufacturer Settlement Agreement and such findings had never been made;

(c) All of the Court's prior Orders having nothing whatsoever to do with the certification

of the Manufacturer Settlement Class shall, subject to this Order, remain in force and effect, subject to extensions or modifications of deadlines as appropriate under the circumstances and in the Court's discretion; and

(d) Nothing in this Order or pertaining to the Manufacturer Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or in any other action, proceedings, or matter, whether civil, criminal, or administrative.

23. Pending final determination of whether the proposed Settlement should be approved, no Manufacturer Settlement Class Member, directly, derivatively, in a representative capacity, or in any other capacity, may commence or continue any action against any of the Released Parties in any court or tribunal or in any other forum asserting any of the Released Claims.

24. RG/2 Claims Administration LLC is hereby appointed as Settlement Administrator for this Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Manufacturer Settlement Agreement.

25. Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Manufacturer Defendants, or any Released Party of any alleged or asserted default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal, or administrative.

26. Class Counsel and Manufacturer Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Manufacturer Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the

Long Form Notice, Summary Class Notice, Mailed Class Notice, Claim Form and other exhibits that they jointly agree are reasonable or necessary.

27. Pursuant to 28 U.S.C. § 1715(b), Manufacturer Defendants shall serve statutory notice of the Settlement upon the appropriate Federal and State officials within 10 days of this Order.

**IT IS SO ORDERED**, this 3rd day of October, 2024.

/s/ Stephen R. Bough
Hon. Stephen R. Bough
United States District Court Judge